UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
U.S. Commodity Futures Trading Commission,

                 Plaintiff,                 **MEMORANDUM & ORDER**
                                                                 17-CV-04087 (DG) (JMW)

      -against-

Daniel Winston LaMarco and GDLogix Inc.,

                 Defendants.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On July 10, 2017, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") commenced this action against *pro se* Defendants Daniel Winston LaMarco and GDLogix Inc. ("GDLogix") (together, "Defendants"), alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* *See* Complaint, ECF No. 1.[1] As relevant here, the Clerk of Court entered default against Defendants on March 23, 2022. *See* ECF No. 110. On May 9, 2022, Plaintiff moved for default judgment against Defendants under Federal Rule of Civil Procedure 55(b). *See* ECF No. 115. On May 11, 2022, I referred Plaintiff's Motion for Default Judgment, ECF No. 115, to Magistrate Judge James M. Wicks for a Report and Recommendation ("R&R"). *See* Order dated May 11, 2022. Also on May 11, 2022, Defendant LaMarco moved to vacate the entry of default, seeking that "the Certificates of Default be vacated for further proceedings." *See* ECF No. 117 at 4. On May 12, 2022, I referred the Motion to Vacate, ECF No. 117, to Judge Wicks for an R&R. *See* Order dated May 12, 2022.

      On December 27, 2022, Judge Wicks issued an R&R recommending that (1) the Motion to Vacate be granted as to Defendant LaMarco and, to the extent the motion is construed as a

---

[1] Familiarity with the procedural background of this case is assumed herein.

motion on Defendant GDLogix's behalf as well, denied as to Defendant GDLogix; (2) Plaintiff's Motion for Default Judgment as against Defendant LaMarco be denied as moot; and (3) Plaintiff's Motion for Default Judgment as against Defendant GDLogix be granted, a permanent injunction be entered as to GDLogix, and default judgment be entered against Defendant GDLogix in the amount of $862,600 as restitution and $2,587,800 as a civil monetary penalty, with post-judgment interest accruing at the federal statutory rate from entry of judgment until the judgment is paid in full.  *See* R&R at 29, 39, ECF No. 119; *see also generally* R&R.

On January 24, 2023, Plaintiff filed objections to the R&R.  *See* Plaintiff's Objections to R&R ("Pl.'s Obj. Br."), ECF No. 123.  Plaintiff objects only to the portions of the R&R that recommend granting Defendant LaMarco's Motion to Vacate and denying Plaintiff's Motion for Default Judgment as against Defendant LaMarco.  *See* Pl.'s Obj. Br. at 1.  Specifically, Plaintiff objects to the R&R's conclusions with respect to the issues of willfulness, meritorious defenses, and prejudice.  *See generally* Pl.'s Obj. Br.  Defendants did not file any objections to the R&R or any response to Plaintiff's objections.  *See generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178,

2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

As an initial matter and as set forth in the R&R, Defendant GDLogix does not have counsel and, as a corporate entity, may not proceed *pro se*.  *See* R&R at 8-10.  The Court therefore does not construe Defendant LaMarco's Motion to Vacate as having been brought on Defendant GDLogix's behalf.

Because no party has objected to the R&R's recommendations that Plaintiff's Motion for Default Judgment be granted as against Defendant GDLogix and that Plaintiff's requests for relief be granted as to Defendant GDLogix, the Court's review of the R&R with respect to those recommendations is for clear error.  Having reviewed the R&R and finding no clear error with respect to those recommendations, I adopt those recommendations.  Accordingly, Plaintiff's Motion for Default Judgment is granted as against Defendant GDLogix; default judgment is entered against Defendant GDLogix in the amount of $862,600 as restitution and $2,587,800 as a civil monetary penalty, with post-judgment interest accruing at the federal statutory rate from entry of judgment until the judgment is paid in full; and a permanent injunction is entered as to Defendant GDLogix, as further detailed below.

In light of Plaintiff's objections, *see generally* Pl.'s Obj. Br., the Court reviews *de novo* the R&R with respect to the R&R's recommendations that Defendant LaMarco's Motion to Vacate be granted as to Defendant LaMarco and that Plaintiff's Motion for Default Judgment be denied as against Defendant LaMarco.  A review of the R&R, the record, and the applicable law

reveals that Judge Wicks properly concluded that vacatur of the entry of default as to Defendant LaMarco is appropriate and that, therefore, Defendant LaMarco's Motion to Vacate should be granted as to Defendant LaMarco and Plaintiff's Motion for Default Judgment as against Defendant LaMarco should be denied as moot.  Plaintiff's objections do not compel the conclusion that vacatur of the entry of default as to Defendant LaMarco is unwarranted here, particularly given Defendant LaMarco's *pro se* status and the preference for cases to be resolved on the merits.  *See* R&R at 27-28 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *see also Enron Oil Corp.*, 10 F.3d at 95 (referencing United States Court of Appeals for the Second Circuit's "oft-stated preference for resolving disputes on the merits," and collecting cases).  I adopt Judge Wicks' recommendations regarding Defendant LaMarco.  Accordingly, Defendant LaMarco's Motion to Vacate is granted and Plaintiff's Motion for Default Judgment is denied as moot as against Defendant LaMarco.

In sum, Defendant Daniel Winston LaMarco's Motion to Vacate, ECF No. 117, is GRANTED; Plaintiff's Motion for Default Judgment, ECF No. 115, is GRANTED as against Defendant GDLogix Inc. and DENIED as moot as against Defendant Daniel Winston LaMarco; default judgment is entered against Defendant GDLogix Inc. in the amount of $862,600 as restitution and $2,587,800 as a civil monetary penalty, with post-judgment interest accruing at the federal statutory rate from entry of judgment until the judgment is paid in full; and, for the reasons set forth in the R&R, *see* R&R at 36, IT IS ORDERED THAT:

Defendant GDLogix Inc. and any of its agents, servants, employees, assigns, attorneys, holding companies, alter egos, and persons in active concert or participation with them, including any of their successors, directly or indirectly, are permanently restrained, enjoined, and prohibited from directly or indirectly:

1. Engaging in conduct in violation of 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6k(2), 6m(1), and 6o(1)(A) and (B);

2. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

3. Entering into any transaction involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy)) for their own personal account or for any account in which they have a direct or indirect interest;

4. Having any commodity interests traded on their behalf;

5. Controlling or directing the trading for, or on behalf of, any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

6. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

7. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9);

8. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person or entity registered, exempted from registration or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9); and

9. Engaging in any business activities related to commodity interests.[2]

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter judgment accordingly as to Defendant GDLogix Inc.

Plaintiff U.S. Commodity Futures Trading Commission is directed to serve copies of this Order on Defendants Daniel Winston LaMarco and GDLogix Inc. by certified mail and to file

---

[2] In light of the vacatur of the entry of default as to Defendant LaMarco, the terms of this injunction do not apply to Defendant LaMarco.

proof of service no later than March 17, 2023.

      SO ORDERED.

                                                              */s/ Diane Gujarati*
                                                              DIANE GUJARATI
                                                              United States District Judge

Dated:  March 14, 2023
           Brooklyn, New York