**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                                                           **MEMORANDUM ORDER**
                              *Plaintiff*,                 17-CV-04087 (DJG)(JMW)

              -against-

DANIEL WINSTON LAMARCO and
GDLOGIX INC.,

                              *Defendants*.
-----------------------------------------------------------X

**A P P E A R A N C E S:**

Danielle E. Karst, Esq.
**U.S. Commodity Futures Trading Commission**
1155 21st Street, N.W.
Washington, DC 20581
*Attorney for Plaintiff*

Daniel Winston LaMarco
518 Ft. Washington Avenue
BSMT C
New York, NY 10033
*Pro Se Defendant*

*No appearance by Defendant GDLogix Inc.*

**WICKS,** Magistrate Judge:

       Plaintiff, United States Commodity Futures Trading Commission ("CFTC"), commenced

this action on July 10, 2017, seeking injunctive and other equitable relief for alleged violations of

the Commodity Exchange Act ("CEA") by Defendants Daniel Winston LaMarco, and GDLogix

Inc. ("GDLogix").  (ECF No. 1.)  The latest applications before the Court are: (i) Defendant

LaMarco's Letter Motion to Compel his former *Pro bono* counsel, Robert J. Del Col, to release

all the records regarding the instant action and a related criminal case (*see* ECF No. 134), which

includes Plaintiff CFTC's Response in Opposition (*see* ECF No. 141) and LaMarco's Reply to

Plaintiff's Response in Opposition (hereafter, "LaMarco's Reply") (*see* ECF No. 145); and (ii) CFTC's Motion to Strike LaMarco's Reply (*see* ECF No. 145).  For the reasons below, Defendant LaMarco's Motion to Compel (ECF No. 134) is denied, and Plaintiff CFTC's Motion to Strike LaMarco's Reply (ECF No. 145) is granted in part.

## **BACKGROUND**

Plaintiff alleges that in January 2011, LaMarco, a former independent software consultant, who acted both individually and as an agent and officer of GDLogix, a software consultancy business, began to solicit individuals ("Pool Participants") to trade margined or leveraged retail foreign currency ("Forex") contracts in a commodity pool.  (ECF No 115.) LaMarco provided a "Memorandum of Offering" to each of the Pool Participants which indicated that the funds would be placed in a commodity pool managed by GDLogix.  (*Id*.) CFTC asserts that: (i) LaMarco made "material and false" misrepresentations to Pool Participants by sending fraudulent monthly statements to them purporting to be profitable (*Id*.); and (ii) LaMarco failed to disclose to Pool Participants the fact that neither he nor GDLogix were registered with the CFTC, as required, while engaged in the solicitation of funds for the purpose of participation in a commodity pool.  (*Id*.)

As a result of his actions, LaMarco accumulated a total of $1,492,650 from thirteen individuals from New York, Connecticut, Massachusetts, and Ohio.  (ECF No. 1.)  Plaintiff further alleges LaMarco deposited approximately $1.3 million into two personal trading accounts in his name and lost nearly all the funds by April 2016.  (*Id*.)  Plaintiff contends that Defendants violated certain provisions of the CEA, particularly 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6k(2), 6m(1), and 6o(1)(A) and (B).  (*Id*.)  Thus, Plaintiff filed the instant action against Defendants on July 10, 2017, and served a copy of the Summons and Complaint upon both Defendants on August 2,

2017.  (ECF No. 15; ECF No. 16.)  LaMarco accepted service of process on behalf of himself and GDLogix while incarcerated at the New York Metropolitan Correctional Center ("MCC") (*Id*.)

On August 7, 2017, the Honorable A. Kathleen Tomlinson issued an Order noting that that the Court would be seeking to appoint an attorney from the Eastern District of New York's *Pro Bono* panel to represent LaMarco and GDLogix throughout settlement negotiations.  (ECF No. 18.)  Judge Tomlinson held all other aspects of the case in abeyance until further Order of the Court.  (*Id*.)  *Pro bono* counsel, Robert J. Del Col ("Del Col"), was appointed to represent LaMarco on September 11, 2017, for the limited purpose of negotiating a settlement with Plaintiff.  (ECF No. 20; ECF No. 21.)  Once it became clear that the case would not settle after nearly five months of negotiations, Judge Tomlinson relieved Del Col from his temporary appointment on March 2, 2018, and resumed discovery proceedings.  (ECF No. 33.)

On March 14, 2022, LaMarco filed a Motion to Compel Del Col to release all the records regarding the present civil action and a related criminal case[1].  (ECF No. 108.) The Clerk of the Court then entered defaults against LaMarco and GDLogix pursuant to Fed. R. Civ. P. 55(a) on March 23, 2022.  (ECF No. 110.)  Subsequently, on May 5, 2022, the Court denied the Motion to Compel with leave to renew, but only if made in conjunction with a Motion to Vacate the Certificate of Default.  (Electronic Order dated May 5, 2022.)  On May 9, 2022, Plaintiff filed a motion for default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b) and E.D.N.Y. Local Rule 55.2(b) for Defendants' failure to file an answer or otherwise respond to the Complaint.  (ECF No. 115.)  LaMarco filed a Motion to Vacate the Entry of Default, and a

---

[1] The related criminal case, *United States v. LaMarco*, No. 2:16-cr-433 (E.D.N.Y.), involved the same conduct at issue in the instant action. In the criminal case, LaMarco pled guilty to one count of commodities fraud and one count of wire fraud.  (*Id*.)

Motion for Reconsideration of his Motion to Compel on May 11, 2022.  (ECF No. 116; ECF No. 117.) LaMarco asserted that the *pro se* counsel failed to respond to his "numerous attempts at obtaining relevant evidence that is crucial to the defense of this action."  (*Id*.)

Judge Gujarati then referred Plaintiff's Motion for Default Judgment (ECF No. 115) and Defendant's Motion to Vacate the Clerk's Entry of Default (ECF No. 117) to the undersigned for a report and recommendation ("R&R").  (Electronic Order dated May 11, 2022; Electronic Order dated May 12, 2022.)  On December 27, 2022, this Court issued an R&R to Judge Gujarati (ECF No. 119) recommending that: (i) Plaintiff's Motion for Default Judgment (ECF No. 115) be granted as against Defendant GDLogix, only and denied as moot as against LaMarco; (ii) LaMarco's Motion to Vacate be granted as to LaMarco.

In the R&R, the Court deemed LaMarco's Motion to Compel (which was improperly filed as a motion for reconsideration since it was originally denied with leave to renew in light of LaMarco's default, see Electronic Order dated May 5, 2022) as moot, explaining that if the Court "ultimately vacate[d] LaMarco's entry of default, LaMarco may then re-file his motion to compel in accordance with the undersigned's individual rules . . ." (ECF No. 119.)  The R&R was adopted in full by Judge Gujarati on March 14, 2023 (*see* ECF No. 124.)

On September 8, 2023, LaMarco filed his renewed Motion to Compel Del Col to release all records regarding the instant case and a related criminal to him for the "purposes of discovery and defense" in the instant case.  (ECF No. 134.)  By that point, discovery in this case had closed (ECF No. 81, 83), and Plaintiff had expressed to the Court intention to file for summary judgment (ECF No. 129)  On September 29, 2023, Plaintiff filed its Response in Opposition to LaMarco's Motion to Compel (ECF No. 141), and on October 12, 22023, LaMarco filed his Reply (ECF No. 145)  The next day, the Court adopted the summary judgment briefing schedule

proposed by Plaintiff (ECF No. 142; 146).  On October 16, 2023, Plaintiff filed a Motion to Strike LaMarco's Reply (ECF No. 147).  The Court addresses each motion below.

**DISCUSSION**

I.     **CFTC's Motion to Strike LaMarco's Reply**

On October 16, 2023, Plaintiff filed a Motion to Strike LaMarco's Reply. (ECF No. 147.) In its motion, Plaintiff argues that this Court should strike the entirety of LaMarco's Reply because: (i) it was filed past the deadline and without leave of court; and (ii) it contains false immaterial, and scandalous accusations against Plaintiff's counsel.  (*Id*.)  Specifically, Plaintiff argues that LaMarco's Reply makes "false and unwarranted allegations of attorney-client privilege violations, defamation, and Sixth Amendment violations against Plaintiff[,]" and "provides no evidence or basis for such serious and unfounded accusations, including his accusations that Plaintiff's counsel violated his Sixth Amendment right to counsel and attorney-client privilege 'by contacting his former attorney.'"  (*Id*.)  Plaintiff argues LaMarco's "false accusations are immaterial, scandalous, and have no bearing on the subject matter of this litigation[,]" and asks the Court to strike his Reply on these grounds pursuant to Fed. R. Civ. P. 12(f).  (*Id*.)

"Federal Courts have discretion in deciding whether to grant motions to strike" under Fed. R. Civ. P. 12(f). *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019).  With respect to Plaintiff's first argument, the Court is not inclined to strike the entirety of LaMarco's Reply merely because it was filed past the deadline and without leave. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (internal citations omitted) ("Motions to strike are disfavored, and should be granted only if there is a strong reason to do so.")  Plaintiff notes that Local Rule 6.1(b) requires "any reply affidavits and memoranda of law" to be served "within seven days after service of the answering papers," and therefore

LaMarco's Reply, which was due on October 6, 2023, was filed six days past the deadline.  (ECF No. 145).

However, it is well established that – and this Court has previously recognized (ECF No. 119) – "[a] party appearing without counsel is [to be] afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  To this end, as LaMarco remains a *pro se* litigant, this Court affords him some latitude with procedural rules, and declines to strike the entirety of his Reply because it was filed six days late and without leave.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules' when considering a motion to strike."); *Fifth Ave. of Long Island Realty Assocs. v. Caruso Mgmt. Co.*, No. CV-08-384, 2009 WL 412126, at *8 (E.D.N.Y. Feb. 17, 2009) (denying motion to strike based on the fact that the documents were untimely); *see also Slue v. New York Univ. Med. Ctr.,* 409 F. Supp. 2d 349, 374 (S.D.N.Y.2006) (denying motion to strike because "defendants establish no prejudice from any technical violations of the Federal Rules with respect to the affidavits submitted by Plaintiff").

With respect to Plaintiff's second argument, however, portions of LaMarco's Reply, specifically, his allegations of attorney-client privilege violations, defamation, and Sixth Amendment violations against Plaintiff, should be stricken from the records on the grounds that these portions are "immaterial, impertinent, and scandalous[,]" under Fed. R. Civ. P. 12(f).  *See Brown v. Maxwell*, 929 F.3d 41, 51(2d Cir. 2019) (internal citations omitted) ("[U]nder Federal Rule of Civil Procedure 12(f), the district court may strike such material from the filings on the

grounds that it is redundant, immaterial, impertinent, or scandalous. Because such rejected or stricken material is not relevant to the performance of the judicial function[,] it would not be considered a judicial document[,] and would enjoy no presumption of public access.").

To succeed on a Rule 12(f) motion, a movant generally must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001); *Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) ("Motions to strike are not generally favored, except in relation to scandalous matters."). Scandalous allegations are those which "impugn the character" of the movant. *Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019).

Here, LaMarco's allegations that Plaintiff violated attorney client privilege, defamed him, and violated his Sixth Amendment rights have no bearing on the issues in this case and are highly prejudicial to Plaintiff. LaMarco has not provided any evidence supporting these allegations, which, even if true, are irrelevant to this case and damaging to Plaintiff and its counsel's character. *See Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15-cv-7425, 2016 WL 3144053, at *3 (S.D.N.Y. Apr. 11, 2016) ("[T]he grounds for a motion to strike ... do not include falsity of the matter alleged. . . [t]he question is whether the allegations impugn [the movant's] character.").

Therefore, LaMarco's allegations of attorney-client privilege violations, defamation, and Sixth Amendment violations against Plaintiff and its counsel, including his accusations that Plaintiff's counsel violated his Sixth Amendment right to counsel and attorney-client privilege by contacting his former attorney, should be stricken from his Reply. *See Bartlett v. Societe*

*Generale De Banque Au Liban SAL*, No. 19-CV-7 (CBA) (TAM), 2021 WL 8155950, at *2

(E.D.N.Y. Aug. 5, 2021) (granting motion to strike on the grounds that the movant was accused

of illegal conduct, regardless of whether the accusations were true).

## II.   LaMarco's Motion to Compel

In his Motion, LaMarco asks the Court to compel Del Col to release to him all records

regarding the instant action and a related criminal case for "the purpose of discovery and

defense" in the instant action.  (ECF No. 134)  Specifically, LaMarco requests his former

attorney turn over the following records: (i) emails from Pool Participants to LaMarco; (ii)

emails between LaMarco and the law firm Gottlieb & Janey; (iii) charts, graphs, and analysis

performed by Pool Participants that were sent to LaMarco; (iv) all brokerage account

information and statements; (v) all Risk Disclosure documents signed by Pool Participants; and

(vi) all statements, emails police records regarding "LaMarco's estranged wife's pattern of

domestic and child abuse and neglect, including statements from therapists and medical

personnel."  (*Id.*)  LaMarco claims Col "has not responded to [his] numerous attempts at

obtaining relevant evidence that is crucial to the defense of this action."  (*Id.*)

Plaintiff requests that the Court deny LaMarco's Motion to Compel, and argues: (i) that

"LaMarco's Renewed Motion to Compel is untimely[,] as it was filed nearly six months (178

days) after the Court vacated the Clerk's default against LaMarco"; (ii) LaMarco's  discovery

motion is "unnecessary at this stage of the litigation and broadly seeks LaMarco's own

documents and emails, along with emails to and from his criminal defense counsel and irrelevant

documents related to his 'estranged wife'"; and (iii) LaMarco "has sought to delay these

proceedings for over six years, and his most recent renewed discovery motion appears to be

another delay tactic."  (ECF No. 141.)  Plaintiff additionally asserts that it is unnecessary for the

Court to intervene to compel the production of any of LaMarco's records from Del Col, as the CFTC intends to move for summary judgment against LaMarco and does not need such records to move forward in this case.[2]  Moreover, Plaintiff argues LaMarco has not shown good cause to re-open discovery in this case.  (*Id.*)

In his Reply to Plaintiff's Opposition, LaMarco argues that the CFTC "continues to defame [him] as the case for delays" in this case, and that CFTC is the party causing delays in the matter because of its "refusal to engage in settlement discussions" and its delay in filing a motion for summary judgment.  (ECF No. 145.)  LaMarco further argues that the CFTC is in violation of attorney-client privilege and LaMarco's Sixth Amendment rights, because, he claims, the CFTC contacted Del Col "to determine the evidence available."  (*Id.*)  Finally, LaMarco explains the difficulties in obtaining the subject documents from Del Col, and why he is seeking the Court's assistance.  (*Id.*)  He explains that upon his release from MCC, he was not able to access the requested documents via email or via his laptop, and that the documents remain only in Del Col's possession in printed versions.  (*Id.*)  LaMarco concludes the subject documents "sound very relevant[,]" but does not explain further how they are relevant or how the requested documents will aid his defense in this case.  (*Id.*)

## A.  LaMarco's Motion to Compel Requires Reopening Discovery Under Fed. R. Civ. P. 6(b)(1)(B)

LaMarco's Motion to Compel requests this Court to compel Del Col, his former *pro bono* attorney in the instant action and a related criminal case, to turn over all records in Del Col's possession regarding the instant action and the related criminal case (ECF No. 141).  In *Kleiman*

---

[2] Plaintiff argues that because this Court determined in its R&R that LaMarco, as a matter of law, "is estopped from denying that he engaged in the solicitation of funds and made misrepresentations to investors by emailing them false monthly statements" (ECF No. 119 at 21-23), LaMarco is "estopped from denying liability for the fraud alleged in the CFTC's complaint," and therefore "the documents he requests are unnecessary and/or irrelevant."  (ECF No. 141.)

*v. O'Neill*, No. 03-CV-3829 (ERK)(RLM), 2008 WL 5582453 (E.D.N.Y. Dec. 30, 2008), report and recommendation adopted, Order (Feb. 4, 2009), ECF No. 108, the Court acknowledged that courts have the "inherent power to manage their own proceedings and to control the conduct of those who may appear before them[,]" and this power "extends to the right to require attorneys to turn over their case files to their clients." *Id.* at *4. (citing *Tops Mkts., Inc. v. Quality Mkts., Inc.*, No. 93-CV-0302 (JE), 2001 WL 392082, at *4 (W.D.N.Y. Apr.4, 2001)). However, this Court's granting of a renewed Motion to Compel would require the re-opening of discovery in this case. *See United States v. Prevezon Holdings, Ltd.*, 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017) ("The Government's request to use the Additional Relevant Documents is effectively an application to re-open discovery.").[3] Accordingly, the question is whether grounds exist to reopen discovery.

### B.  LaMarco Has Not Demonstrated Good Cause to Reopen Discovery

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' the trial court may consider whether additional discovery would yield dispositive evidence." *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)).

---

[3] When a party requests an extension of a discovery deadline after the deadlines in fact have passed, they must file a motion under Fed. R. Civ. P. 6(b)(1)(B) to re-open discovery. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . .on motion made after the time has expired."). Therefore, LaMarco was also required – and failed to make – a motion to re-open discovery in this case.

Courts apply a six-part test when faced with an eleventh-hour request to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515.

Pursuant to Fed. R. Civ. P. 26:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc*., No. 06 Civ. 460(RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").

The Court notes that LaMarco has not set forth any arguments or authority that adequately address, let alone acknowledge, the six factors for determining whether re-opening

11

discovery is warranted.  Nonetheless, and particularly in light of the Defendant's *pro se* status, the Court will analyze each factor in turn.

Here, the first and second factors – the imminence of trial and whether the request is opposed – weigh against re-opening discovery.  Although trial is not imminent in this matter, Plaintiff has already expressed intention to file for summary judgment, and the parties have set a briefing schedule regarding the same (*See* ECF No. 142.) Moreover, LaMarco's request is opposed (*See* ECF No. 141).  The third factor – prejudice to the non-moving party – is also clear because granting LaMarco's request would substantially increase the burden borne by Plaintiff in filing its Motion for Summary Judgment.  (*See* ECF No. 142.)  The Court would have to extend the deadlines for the filing of moving papers, causing further delays in this case, and both parties would have to review an extensive number of documents from both the instant action and the related criminal case before filing any motions.  Plaintiff or LaMarco may discover from the documents that certain individuals need to be deposed or re-deposed, or that certain factual issues warrant further inquiry.  Each of these additional tasks, when viewed together, would incur considerable time and cost to the parties.

As previously noted, this Court considers LaMarco's *pro se* status as a factor in deciding whether to reopen discovery, affording him "extra leeway in meeting the procedural rules governing litigation." *Enron Oil Corp.*, 10 F.3d at 96.   However, courts in this circuit are only inclined to reopen discovery for a *pro se* litigant where the opposing party would not be prejudiced, and where discovery would lead to relevant evidence, *see e.g.*, *Williams v. Fischer*, No. 13CV118, 2015 WL 3522431, at *3 (W.D.N.Y. June 4, 2015); *Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 708 (2d Cir. 2021), and, here, as explained further below, the probative value of the documents LaMarco is requesting is "substantially outweighed by the

12

risk of unfair prejudice" to Plaintiff in this case. *See Lundstedt*, 853 F. App'x at 708 (citing Fed. R. Evid. 403); *see also Humphreys v. New York City Health & Hosps. Corp.*, No. 16-CV-9707 (VSB), 2023 WL 155446, at *4 (S.D.N.Y. Jan. 11, 2023) (denying *pro se* litigants' motion to reopen discovery where opposing party "would be prejudiced in its ability to meet the deadline for Summary Judgment" and where *pro se* litigant "fail[ed] to illustrate the likelihood that reopening discovery will lead to relevant evidence").

The fourth and fifth factors further weigh against granting LaMarco's request.  Discovery commenced in September 2018 (*See* ECF No. 63), was finally closed in March 2019 after many extensions (*see, e.g.,* (ECF Nos. 63, 75, 81, 83.) The docket amply reflects the multiple extensions afforded to complete discovery. The Court is sympathetic to and aware of the difficulties LaMarco has experienced in obtaining the requested documents upon his release from prison (*See* ECF No. 145), however, the Court agrees with Plaintiff that LaMarco has had ample time and opportunity to seek the subject information since his release on July 25, 2019, through his former attorney Del Col[4] or through issuance of a third-party subpoena.  While the Court has repeatedly determined that there is no evidence of bad faith by LaMarco and that he has actively participated in the attempted defense of this action, it does acknowledge he further delayed this case, which has been pending since 2017, by waiting nearly six months after the Court vacated the Clerk's default against him *and* after Plaintiff expressed intention to file another dispositive motion to file the instant Motion to Compel.[5]  Moreover, LaMarco was given several

---

[4] The Court notes there is evidence that Del Col was willing to cooperate with LaMarco with respect to providing LaMarco with the requested documents.  Plaintiff had previously contacted Del Col in advance of its Response to LaMarco's initial Motion to Compel, and Del Col requested that Plaintiff "convey to the Court [his] willingness to cooperate in any way [he] can." (ECF No. 113.)

[5] This Court's December 27, 2022 R&R to Judge Gujarati explained that if the Court "ultimately vacate[d] LaMarco's entry of default, LaMarco may then re-file his motion to compel in accordance with the undersigned's individual rules . . ." (ECF No. 119.)  The R&R vacating LaMarco's entry of default

opportunities to amend his Motion to Compel (*see* ECF Nos. 108, 119), and has not sufficiently explained to the Court "the need for additional discovery in light of the time allowed for discovery by the district court." *Moroughan*, 320 F. Supp. 3d at 515.

 Under the sixth and final factor, there is little likelihood that the requested documents contain information relevant to this case. LaMarco states that the requested documents are "very relevant" and contain "relevant evidence that is crucial to the defense of this action," (ECF No. 145), but he in no way articulates how the requested documents will aid his defense or are otherwise relevant. Indeed, it appears that LaMarco "already possesses and/or has access to" to the requested documents, which are mostly his own documents and emails, along with emails to and from Del Col, and documents related to his "estranged wife," and are "wholly irrelevant documents to the conduct alleged in the instant case." (ECF No. 141). The Court previously determined that LaMarco, as a matter of law, "is estopped from denying that he engaged in the solicitation of funds and made misrepresentations to investors by emailing them false monthly statements" (ECF No. 119 at 21-23), LaMarco is "estopped from denying liability for the fraud alleged in the CFTC's complaint," and therefore "the documents he requests are unnecessary and/or irrelevant." (ECF No. 141.)

 Thus, because LaMarco has not demonstrated good cause to re-open discovery at this late stage in the litigation, his renewed Motion to Compel is denied without leave to renew.

**<u>CONCLUSION</u>**

 Accordingly, for the foregoing reasons, Defendant LaMarco's Letter Motion to Compel (ECF No. 134) is denied without leave to renew, and Plaintiff's Motion to Strike is granted in

---

was adopted in full by Judge Gujarati on March 14, 2023 (*see* ECF No. 124), however, LaMarco did not file the instant Motion to Compel until September 8, 2023 (ECF No. 134.) By that point, discovery in this case had closed (ECF No. 81, 83), and Plaintiff had expressed to the Court intention to file for summary judgment (ECF No. 129).

part.  The following text from LaMarco's Reply is stricken from the record: (i) "The Court should also consider sanction as the CFTC is in violation of Defendants Attorney Client Privilege. It is a matter of record the CFTC contacted former Pro Bono Attorney Robert Del Col to determine the evidence available[;]" (ii) "THE CFTC CONTINUES TO DEFAME THE DEFENDANT AS THE CAUSE FOR DELAYS. On page 5 of the Response in Opposition to the Motion to Compel, the CFTC continues the tired, overused and defamatory lamentation that Defendant seeks to delay the proceedings[;]" (iii) "The facts contradict the defamatory false narrative the CFTC continues to pursue as reflected in Magistrate Judge Wicks Report and Recommendation dated December 22, 2022[;]" (iv) "Nonetheless, the CFTC continues to pursue a defamatory false narrative in an effort to substantiate their own delays, unwillingness to engage in negotiations and length of the case[;]" and (v) "Well . . . the CFTC does know about those documents because they violated the Defendants Sixth Amendment right to find out what is in them by contacting his former attorney."

The Motion to Strike is denied as to the remaining portion of LaMarco's Reply which does not make allegations of attorney-client privilege violations, defamation, or Sixth Amendment violations against Plaintiff and its counsel.  The Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff and to reflect the mailing on the docket.

Dated: Central Islip, New York
        November 3, 2023

**S O   O R D E R E D :**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

15