UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                *Plaintiff*,

       -against-

DANIEL WINSTON LAMARCO and GDLOGIX INC.,

                *Defendants*.

------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

17-cv-04087 (DG) (JMW)

**A P P E A R A N C E S:**

    Danielle E. Karst
    **U.S. Commodity Futures Trading Commission**
    1155 21st Street, N.W.
    Washington, DC 20581
    Attorneys for Plaintiff

    **Daniel Winston LaMarco**
    518 Ft. Washington Avenue,
    BSMT C
    New York, NY 10033
    *Appearing Pro Se*

**WICKS,** Magistrate Judge:

Plaintiff United States Commodity Futures Trading Commission ("Plaintiff" or "CFTC") commenced this action on July 10, 2017, seeking equitable relief for alleged violations of the Commodity Exchange Act ("CEA") committed by Defendants Daniel Winston LaMarco ("LaMarco"), and GDLogix Inc. ("GDLogix"). (ECF No. 1.) The Court granted Plaintiff's Motion for Summary Judgment (ECF No. 150) on Counts I and II. (ECF No. 154; Electronic Order dated 9/4/2024.) In light of the summary judgment decision, the undersigned directed that

1

the parties negotiate a resolution on remedies (ECF No. 165), which the parties were not able to do, and a briefing schedule was set. (See ECF Nos. 160, 162-63, 165; Electronic Order dated 2/11/2025.) Plaintiff also moved to voluntarily dismiss with prejudice the remaining claims—Counts III and IV against Defendant LaMarco. (ECF No. 158.) Judge Gujarati granted that Motion. (Electronic Order dated 2/14/2025.) Therefore, the only remaining issue in this matter is that of damages. Now before the Court on referral for a Report and Recommendation from the Hon. Diane Gujarati is Plaintiff's Motion for Damages (ECF No. 168), Defendant LaMarco's Opposition (ECF No. 169), and Plaintiff's Reply (ECF No. 172). For the reasons stated herein, the undersigned respectfully recommends that Plaintiff's Motion be **GRANTED**.

## LEGAL FRAMEWORK

Pursuant to 7 U.S.C. § 13a-1,

> [w]henever it shall appear to the Commission that any registered entity or other person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of this chapter … the Commission may bring an action in the proper district court of the United States … and said courts shall have jurisdiction to entertain such actions: *Provided*, That no restraining order (other than a restraining order which prohibits any person from destroying, altering or disposing of, or refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records or other documents or which prohibits any person from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets, or other property, and other than an order appointing a temporary receiver to administer such restraining order and to perform such other duties as the court may consider appropriate) or injunction for violation of the provisions of this chapter shall be issued ex parte by said court.

7 U.S.C. § 13a-1(a).

Likewise, the Commission is entitled to seek civil penalties for "not more than the greater of $100,000 or triple the monetary gain to the person for each violation [] or … in any case of manipulation … in the amount of not more than the greater of $1,000,000 or triple the monetary gain to the person for each violation." *Id.* at (d)(1). The Commission may also seek "restitution

2

to persons who have sustained losses proximately caused by such violation (in the amount of such losses." *Id.* at (d)(3)(a).

Courts have entered orders that permanently prevent a violator of the CEA from engaging in any commodity activity both indirectly and directly. *See e.g.*, *Commodity Futures Trading Comm'n v. Baldwin*, No. 1:21-CV-5707 (LJL), 2025 WL 1047372, at *7 (S.D.N.Y. Apr. 8, 2025) ("Defaulting Defendants are permanently restrained, enjoined and prohibited from directly or indirectly, in connection with any swap, or a contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity"); *Commodity Futures Trading Comm'n v. Russell*, No. 23-CV-02691 (EK) (TAM), 2025 WL 1021766, at *10 (E.D.N.Y. Jan. 16, 2025) (issuing a permanent injunction that enjoined Defendant from directly or indirectly trading, entering into commodity transactions, and more for eight years); *U.S. Commodity Futures Trading Comm'n v. Safety Cap. Mgmt., Inc.*, No. 15-CV-05551 (NGG) (PK), 2024 WL 4235453, at *11 (E.D.N.Y. Sept. 19, 2024) (entering a permanent injunction due to the "likelihood of continued violations absent a permanent injunction"). Additionally, civil penalties and restitution payments are awarded in these circumstances. *See e.g.*, *Commodity Futures Trading Comm'n v. Gemini Tr. Co., LLC*, No. 22-CV-4563 (AKH), 2025 WL 33434, at *6–7 (S.D.N.Y. Jan. 6, 2025); *Commodity Futures Trading Comm'n v. Landgarten*, No. 18-CV-3824 (JMA), 2024 WL 4609237, at *6-8 (E.D.N.Y. Aug. 7, 2024).

With this framework in mind, the Court analyzes Plaintiff's application for entry of remedies.

## DISCUSSION

Plaintiff requests that the Court impose the following: (i) permanent injunction that prohibits Defendant LaMarco from committing future violations of the CEA and preventing

3

LaMarco from engaging in "any commodity-related activity[,]" (ii) "restitution to defrauded pool participants in the amount of $862,600" and (iii) "a civil monetary penalty ("CMP") in the amount of $2,587,800." (ECF No. 168 at 1.)

## I. **Permanent Injunction**

Plaintiff seeks a permanent injunction that would enjoin Defendant LaMarco from engaging in any future violations or commodity related activity.

As this Court has already determined in this very action when granting Default Judgment against Defendant GDLogix, "a permanent injunction only requires a *prima facie* showing that GDLogix violated the CEA and is reasonably likely to commit future violations, which can be inferred from GDLogix's past conduct." *U.S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-CV-4087 (DG) (JMW), 2022 WL 18859042, at *16 (E.D.N.Y. Dec. 27, 2022), *report and recommendation adopted*, No. 17-CV-04087 (DG) (JMW), 2023 WL 2495869 (E.D.N.Y. Mar. 14, 2023) (citing *CFTC v. Commodity Inv. Group, Inc.*, No. 1:05-cv-05741, 2006 WL 353466, at *1 (S.D.N.Y. Feb. 11, 2006) ("The CFTC is entitled to a preliminary injunction upon a *prima facie* showing that defendants have violated the Act and 'that there is a reasonable likelihood that the wrong will be repeated.'")).

Here, Plaintiff has likewise established that Defendant LaMarco violated the CEA and as Plaintiff argues, "LaMarco's fraudulent conduct poses a significant threat to the integrity of the future markets as he repeatedly committed core violations of the Act … [and he] is unlikely to be deterred absent an order by this Court." (ECF No. 168 at 4.) *See U.S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-CV-4087 (DG)(JMW), 2024 WL 4905206, at *18 (E.D.N.Y. July 28, 2024) (granting Plaintiff's Motion for Summary Judgment and finding LaMarco violated the CEA). Given LaMarco's previous misconduct this Court can infer there

4

may be additional violations. *See Commodity Futures Trading Comm'n v. Ramkishun*, No. 23-CV-120 (DLI)(RML), 2023 WL 7001012, at *6 (E.D.N.Y. Sept. 12, 2023) (collecting cases) ("A district court may properly infer a likelihood of future violations from the defendant's past unlawful conduct.")

"Courts need not enjoin only identical future violations; they may extend to restrictions on trading activity generally, if a court finds that defendants are not likely to 'make good faith efforts to comply with restrictions,' more broadly, in the future." *U.S. Commodity Futures Trading Comm'n v. McCrudden*, No. 10-CV-5567, 2018 WL 1175154, at *4 (E.D.N.Y. Mar. 6, 2018) (quoting *Commodity Futures Trading Comm'n v. Creagh*, 2017 WL 1929624, at *2 (S.D.N.Y. May 10, 2017)). Irreparable harm is not required in this context and thus, does not need to be considered. *LaMarco*, 2022 WL 18859042, at *16 (E.D.N.Y. Dec. 27, 2022) (citing *Commodity Inv. Group, Inc.*, 2006 WL 353466, at *1). Therefore, the record is clear that a permanent injunction is appropriate here and LaMarco is restricted from committing future violations of the CEA and engaging in any commodity related activity.

Accordingly, a permanent injunction should be entered.

## II. **Restitution**

Next, Plaintiff seeks restitution in the amount of $862,600, which is the total number representing the participants' net losses and post-judgment interest. (ECF No. 168 at 6.)

"[A] district court has the authority to grant ancillary relief for violations of the Act, including but not limited to, ordering restitution." *Safety Cap. Mgmt., Inc.*, 2024 WL 4235453, at *11 (citing 7 U.S.C. § 13a–1). The calculation for restitution is the total loss proximately caused by the Defendant's violations. *Id.* (citing 7 U.S.C. § 13a–1(d)(3)). "The Second Circuit has concluded the proper measure of restitution is the benefit unjustly received by a defendant or a

5

defendant's illegally gotten gains." *Commodity Futures Trading Comm'n v. Int'l Foreign Currency, Inc.*, No. 03-CV-3577 (DLI) (ARL), 2012 WL 13105801, at *6 (E.D.N.Y. Jan. 30, 2012) (citing *CFTC v. Rolando*, 589 F. Supp. 2d 159, 173 (D. Conn. 2008) (citing cases).

Plaintiff asserts that the total loss equals $862,600. (ECF No. 168 at 6.) Moreover, Plaintiff acknowledges that if restitution is satisfied either by co-Defendant GDLogix or by LaMarco in his criminal case that would result in satisfying the civil obligation.[1] (*Id.*) This would deter duplicative impositions of damages. Having awarded restitution against GDLogix, it is likewise deemed appropriate here. Lastly, Plaintiff also asserts that it is entitled to post-judgment interest, "which accrues at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment [pursuant to 28 U.S.C. § 1961(a).]" (*Id.* at 8-9.) Courts often award post-judgment interest with restitution. *See Int'l Foreign Currency, Inc.*, 2012 WL 13105801, at *6 ("Defendants are also liable for post-judgment interest on the Restitution Obligation commencing the date of entry of the court's final order, to be paid at the then-prevailing Treasury Bill rate pursuant to 28 U.S.C. § 1961"); *see also Ramkishun*, 2023 WL 7001012, at *8 (collecting cases awarding post-judgment interest).

Accordingly, restitution and post-judgment interest should be granted.

### III. Civil Penalties

Lastly, Plaintiff seeks civil penalties in the amount of $2,587,800, which is the total of "his monetary gain of $862,600" times three. (ECF No. 168 at 6.) "In determining an appropriate [monetary] penalty, [a court] 'considers the general seriousness of the violation as well as any particular mitigating or aggravating circumstances that exist.'" *McCrudden*, 2018 WL 1175154,

---

[1] The criminal case is captioned as: *United States v. LaMarco*, No. 2:16-cr-433 (E.D.N.Y.). (*See* ECF No. 168-1 at 4.) Furthermore, in the previously granted Motion for Default Judgment against GDLogix, Defendant GDLogix was ordered to pay $862,600 in restitution. *LaMarco*, 2022 WL 18859042, at *18.

6

at *4 (E.D.N.Y. Mar. 6, 2018) (collecting cases). However, any civil penalty must also "'rationally [relate] to the offense' and rests within the discretion of the Court." *Id.* Indeed, "[t]he Second Circuit has concluded civil monetary penalties are appropriate where they are commensurate with the gravity of the violations found and where they reflect and seek to deter the betrayal of the public interest caused by a defendant's abuse of customers and a regulated public market." *Int'l Foreign Currency, Inc.*, 2012 WL 13105801, at *6 (citing *Reddy v. CFTC*, 191 F. 3d 109, 128 (2d Cir. 1999)).

7 U.S.C. § 13a-1(d)(1) entitles the Commission to seek civil penalties for "not more than the greater of $100,000 or triple the monetary gain to the person for each violation [] or … in any case of manipulation … in the amount of not more than the greater of $1,000,000 or triple the monetary gain to the person for each violation." *Id.* at (d)(1). That is exactly what Plaintiff seeks here—$2,587,800—three times LaMarco's gain of $862,600. Therefore, Plaintiff is entitled to this remedy following LaMarco's conduct against innocent victims. *See Gemini Tr. Co., LLC*, 2025 WL 33434, at *6 (ordering civil monetary penalties in the amount of five million dollars with post-judgment interest); *Landgarten*, 2024 WL 4609237, at *8 (likewise ordering civil penalties in the amount of ninety-one thousand dollars with post-judgment interest).

LaMarco in his Opposition states that his status as a *pro se* litigant limits civil penalties to $140,000 per violation. (ECF No. 169 at 3.) That is simply not so. For example, in *Safety Cap. Mgmt., Inc.*, Defendants were *pro se*, such as here, and the Court continued to impose civil penalties because of the "egregious conduct and to deter future conduct." 2024 WL 4235453, at *12. Similarly, in *Commodity Futures Trading Comm'n v. McDonnell*, 332 F. Supp. 3d 641, 728 (E.D.N.Y. 2018), the Court imposed a civil monetary penalty of $871,287.87 representing three times the monetary gain of *pro se* Defendant. That too included post-judgment interest. *Id.* Here,

7

the Court sees no reason nor does LaMarco provide one in his Opposition (ECF No. 169 at 3), as to why the undersigned should rule otherwise.

Therefore, the civil penalty in the amount of $2,587,800 with post-judgment interest should be granted.

## CONCLUSION

Accordingly, for the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Damages (ECF No. 168) be **GRANTED**.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on Plaintiff's Counsel. Plaintiff is directed to serve a copy of this Report and Recommendation upon *pro se* Defendant and file proof of service within two business days of the date of this Report and Recommendation. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a

8

waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

Dated: Central Islip, New York.
June 16, 2025

                                      **RESPECTFULLY RECOMMENDED**,

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge