UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                    *Plaintiff*,　　　　　　　　　　**ORDER**

　　　　　　　　　　　　　　　　　　　　　17-cv-04087 (DG) (JMW)

      -against-

DANIEL WINSTON LAMARCO and GDLOGIX INC.,

                    *Defendants*.

------------------------------------------------------------------X

**A P P E A R A N C E S:**

    Danielle E. Karst
    **U.S. Commodity Futures Trading Commission**
    1155 21st Street, N.W.
    Washington, DC 20581
    *Attorneys for Plaintiff*

    **Daniel Winston LaMarco**
    518 Ft. Washington Avenue,
    BSMT C
    New York, NY 10033
    *Appearing Pro Se*

**WICKS,** Magistrate Judge:

    Plaintiff United States Commodity Futures Trading Commission ("Plaintiff" or "CFTC") started this lawsuit eight years ago seeking equitable relief for alleged violations of the Commodity Exchange Act committed by Defendants Daniel Winston LaMarco ("LaMarco"), and GDLogix Inc. (ECF No. 1.) At this point of the action, liability has been established through a summary judgment motion and by Plaintiff voluntarily dismissing the remaining claims. (ECF Nos. 154, 158; Electronic Orders dated 9/4/2024, 2/14/2025.)  On June 16, 2025, the undersigned

issued a Report and Recommendation on damages (ECF No. 176). Now before the Court on referral from the Hon. Diane Gujarati is Plaintiff's Motion for Sanctions (ECF No. 170), LaMarco's Opposition (ECF No. 173), and Plaintiff's Reply (ECF No. 175). Specifically, Plaintiff seeks the imposition of sanctions pursuant to the Court's inherent power based upon LaMarco filing repetitive false accusations against Plaintiff and its Counsel through pleadings and letters.

For the reasons stated herein, Plaintiff's Motion for Sanctions (ECF No. 170) is **GRANTED**.

## LEGAL FRAMEWORK

Every district court "has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (citing *Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002)). Likewise, "[a] court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). Before imposing sanctions under a court's inherent authority, a court must find that the offending party's claims or actions were entirely without color and were brought in bad faith, meaning motivated by improper purposes such as harassment and delay or for other improper purposes. *Chabra v. MapleWood Partners, L.P.*, No. CV 12-1113 (JS) (ARL), 2016 WL 11480706, at *7 (E.D.N.Y. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 868207 (E.D.N.Y. Mar. 7, 2016); *see Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) (per curiam) (requiring "clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." (cleaned up)); *see also Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-cv-9612 (LJL), 2024 WL

3824394, at *12 (S.D.N.Y. Aug. 14, 2024) (quoting *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)) (noting courts may utilize their inherent power and impose sanctions against a "party who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"). The courts use their inherent power "to award monetary sanctions against a party for that party's 'bad faith, vexatious, or wanton' misconduct." *Google LLC v. Starovikov*, No. 21-CV-10260 (DLC), 2022 WL 16948296, at *12 (S.D.N.Y. Nov. 15, 2022) (citing *Int'l Techs. Marketing, Inc. v. Verint Sys. Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021)).

Prior to imposing sanctions "due process requires that the party to be sanctioned … 'receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges.'" *Rothman v. Complete Packing & Shipping Supplies, Inc.*, No. 22-CV-2821 (OEM) (ST), 2024 WL 4350433, at *3 (E.D.N.Y. Sept. 30, 2024) (collecting cases).

> [Minimally], the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. The opportunity to respond is judged under a reasonableness standard: a full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice.

*In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) (internal citations omitted).

Here, LaMarco was on notice that his allegations of Plaintiff would be stricken from the record as such identical accusations were previously removed. (*See* ECF No. 149.) Additionally, once Plaintiff filed the instant motion, LaMarco was afforded an opportunity to respond to the motion, which he did. (*See* ECF No. 173.)

With this framework, the Court analyzes Plaintiff's application.

3

## DISCUSSION

Plaintiff seeks the imposition of impose sanctions based upon the Court's inherent power for LaMarco's repetitive behavior of asserting false accusations against Plaintiff in both the pleadings and letters he has filed. (*See generally* ECF No. 170.) When a court exercises its inherent power to consider sanctions, there are various remedies available, including an award of monetary sanctions against the party who acted in bad faith. *Google LLC v. Starovikov*, No. 21-cv-10260 (DLC), 2022 WL 16948296, at *12 (S.D.N.Y. Nov. 15, 2022) (citations omitted) (emphasis added) ("Accordingly, federal courts have the "inherent power" to award monetary sanctions against a party for that party's "bad faith, vexatious, or wanton" misconduct. … This power "must be exercised with *restraint and discretion*." … "Nevertheless, even a single misrepresentation is enough to justify sanctions: 'A court need not wait until a party commits multiple misrepresentations before it may put a stop to the party's chicanery.'").

The Court is mindful that LaMarco is appearing *pro se* and accordingly, his pleadings and papers are viewed in that light. *See Benitez v. King*, 298 F. Supp. 3d 530, 542 (W.D.N.Y. 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("Plaintiff is a *pro se* litigant, and the Second Circuit has often instructed that *pro se* litigants are deserving of 'special solicitude.'")). However, *pro se* status does not shield a party from sanctions for inappropriate behavior or misconduct. *See Cameron v. Lambert*, No. 07-CV-9258 (DC), 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008) ("It may be that, because he is *pro se,* plaintiff is entitled to some latitude generally, but he is not entitled to any latitude when it comes to threatening and inappropriate conduct.") This of course includes threatening opposing counsel. *See Jallow v. Geffner*, No. 23-CV-3969 (LGS) (KHP), 2025 WL 624077, at *2 (S.D.N.Y. Jan.

30, 2025), *report and recommendation adopted sub nom. Jallow v. Terrell*, No. 23 CIV. 3969 (LGS), 2025 WL 622582 (S.D.N.Y. Feb. 26, 2025) (collecting cases where a *pro se* party's case has been dismissed for inappropriate behavior and threats); *James v. Kuhnle*, No. 19-CV-1175 (KAM) (JMW), 2022 WL 1525488, at *4 (E.D.N.Y. May 13, 2022), *report and recommendation adopted*, No. 19-CV-1175 (KAM) (JMW), 2022 WL 2046679 (E.D.N.Y. June 7, 2022) (recommending dismissal as a sanction due to plaintiff's "escalating threatening behavior" that rose "to the level of serious threats of personal harm (even death) to defense counsel and a sitting Federal Judge").

Plaintiff outlines LaMarco's alleged misconduct as follows:

- In LaMarco's Opposition to Plaintiff's Status Report (ECF No. 163), he wrote: "The Defendant highlights a pattern of misconduct by the CFTC: Publicly labeling this case a 'classic Ponzi scheme' in press releases and media interviews. Withholding 2011 broker statements for seven years, despite their relevance to this case. Actively opposing Defendant's efforts to obtain these broker statements, including contacting his prior attorney. … "CFTC's withholding of evidence constitutes a violation of the Brady Rule, warranting sanctions. The CFTC's actions contradict its own published policy on Brady Rule compliance. By withholding exculpatory evidence and disseminating false information, the CFTC has engaged in behavior that: Misleads the public and the Court; Violates Defendant's First Amendment rights; and Contributes to ongoing reputational harm." (ECF No. 170 at 3.)

- At the direction of the Court, the parties virtually met on January 27, 2025, and Plaintiff alleges that "LaMarco alarmingly threatened that if Plaintiff's counsel did not agree to mitigate his 'reputational concerns'— including by 'sealing' the case and agreeing that Plaintiff would not issue a public press release as is customary agency practice—then he would issue his own press releases and 'push stuff out on the internet' against Plaintiff's counsel. … LaMarco also advised Plaintiff's counsel that he is the 'best equipped person' to release such negative info about her and is 'quite good at it,' presumably given his experience as a software and information technology consultant." (*Id.* at 4.)

- Lastly, Plaintiff points to LaMarco's Opposition to Plaintiff's Motion for Damages (ECF No. 169). There, LaMarco alleges misconduct again by stating "he falsely claims that Plaintiff has engaged in a 'pattern of misconduct and withholding evidence' with conclusory prejudicial assertions, including that Plaintiff 'withheld' his own broker statements, 'mislead four federal judges,' 'prevented access to exculpatory evidence,' and submitted a 'fraudulent forensic analysis.'" (ECF No. 170 at 4-5.) (citing ECF No. 169 at 3-4).

5

Moreover, Plaintiff points to this Court's Memorandum & Order (ECF No. 149), where the undersigned granted in part Plaintiff's Motion to Strike (ECF No. 147) for similar circumstances as presented here. In that Memorandum & Order, the Court held that "LaMarco's allegations of attorney-client privilege violations, defamation, and Sixth Amendment violations against Plaintiff and its counsel, including his accusations that Plaintiff's counsel violated his Sixth Amendment right to counsel and attorney-client privilege by contacting his former attorney, should be stricken from his Reply." (ECF No. 149 at 7.) Therefore, LaMarco has been on notice that this behavior is unacceptable. *See Mickle*, 297 F.3d at 126 (discussing that in addition to showing bad faith, the court must also provide specific notice of its consideration of sanctions and an opportunity to be heard before their imposition).

Plaintiff alleges that despite the Court's Memorandum & Order (ECF No. 149) striking portions of LaMarco's Reply (ECF No. 145), LaMarco again repeated Sixth Amendment violations in his Opposition to the Summary Judgment (ECF No. 151 at 1-2, 7-8, 11-12) as well as in the recent filings (ECF Nos. 169 at 3; 173 at 3).

Concerning the false statements and allegations of violations, Plaintiff offers that no broker statements were withheld, and that this Court has already determined that such documents were produced in discovery. (ECF No. 170 at 3) (citing ECF No. 149 at 14). In addition, Plaintiff avers that *Brady v. Maryland*, 373 U.S. 83 (1963) regarding exculpatory evidence requirements in criminal cases do not apply to civil matters but if they did, LaMarco possesses the broker statements and that such statements are not exculpatory. (*Id.*)

Reviewing LaMarco's filings, it is clear that LaMarco continuously asserts untrue and false accusations against Plaintiff in the filings. (*See e.g.*, ECF Nos. 163, 169.) Rather than assert legal arguments or state his position as to why certain relief should not be awarded to Plaintiff,

6

LaMarco repeats "violations" that Plaintiff has allegedly committed. Moreover, it is apparent that LaMarco focuses on allegations rather than asserting legal positions in one of his more recent accusations, where he states that Plaintiff has misled four federal judges. (ECF Nos. 169 at 3; 173 at 3.) This assertion not only states that Plaintiff is misleading the Court but that the Court may be easily misled. To be clear, when a motion is filed, the undersigned and all other Judges carefully review the moving papers and issue decisions based on the law. *See Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS) (KNF), 2014 WL 12779561, at *2 (S.D.N.Y. June 2, 2014) (citing *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Bad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.")).

Further, LaMarco's threats to Plaintiff's Counsel including that he would "'push stuff out on the internet' against her personally" if Plaintiff would not agree to his settlement terms is inexcusable. (ECF No. 175 at 4.) LaMarco does not affirm or deny these threats in his oppositions but rather suggest that Plaintiff is "mischaracterizing" what occurred and attaches emails. (ECF No. 173 at 1.)

The above conduct demonstrates bad faith. *See Chabra v. MapleWood Partners, L.P.*, 2016 WL 11480706, at *7; *Leibovitz v. City of New York*, No. 15-CV-546 (LGS) (HBP), 2019 WL 4307305, at *4 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, No. 15 CIV. 0546 (LGS), 2019 WL 4303343 (S.D.N.Y. Sept. 11, 2019) (internal citations omitted) ("Pursuant to its inherent power, a court may impose sanctions against a party for "act[ing] in bad faith, … and for 'misconduct during the course of litigation.'"). In LaMarco's Opposition, he relies upon the First Amendment. (*See* ECF No. 173 at 4.) Courts have imposed sanctions on parties filing false allegations, threats to opposing counsel or for other misconduct. *See e.g.,*

7

*Khudai v. Akamai Techs.*, No. 20-CV-3686 (JHR) (JLC), 2023 WL 7174616, at *5 (S.D.N.Y. Nov. 1, 2023), *report and recommendation adopted*, No. 20-CV-03686 (JHR) (JLC), 2024 WL 2046052 (S.D.N.Y. May 8, 2024) (imposing Rule 11 sanctions on *pro se* plaintiff for the serious allegations made against former counsel without "evidentiary support for them"); *Nelson v. Eaves*, 140 F. Supp. 2d 319, 322 (S.D.N.Y. 2001) (*dismissing pro se* plaintiff's complaint for several reasons including writing threatening letters to opposing counsel).

Having reviewed LaMarco's behavior and activity on the docket, the Court finds that the proper course of action is to once again strike the offending pleadings and portions therein from the docket. Although monetary sanctions are available, such sanctions are harsh and discretionary. *See Brown v. Maxwell*, 929 F.3d 41, 51–52 (2d Cir. 2019) ("Moreover, under Federal Rule of Civil Procedure 12(f), the district court may strike such material from the filings on the grounds that it is "redundant, immaterial, impertinent, or scandalous." Because such rejected or stricken material is not "relevant to the performance of the judicial function" it would not be considered a "judicial document" and would enjoy no presumption of public access."); *see also Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 330–31 (S.D.N.Y. 2025) ("a scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court"); *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. 17-CV-6499 (ADS) (AKT), 2019 WL 2436239, at *9 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, No. 17-CV-06499 (ADS) (AKT), 2019 WL 1986606 (E.D.N.Y. May 6, 2019) (internal citations omitted) ("In addition to the sanctions authorized under the Federal Rules, federal courts have the inherent power to sanction a party for conduct that constitutes an abuse of the judicial process." … "As the Second Circuit has stated, '[a] court has the inherent power to supervise and control its own proceedings and to

sanction ... a litigant for bad-faith conduct.' Under certain circumstances, this authority can extend to striking a pleading.") Accordingly, the Court declines to impose monetary sanctions at this time. However, LaMarco is forewarned that he may not file any further pleadings or other filings asserting false or defamatory accusations against Plaintiff and that includes threats to opposing counsel. In the event LaMarco fails to comply with this order, Plaintiff may renew the motion for monetary sanctions.

Therefore, LaMarco is hereby sanctioned for this misconduct and his offensive pleadings will be stricken from the record.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 170) is **GRANTED** and the defamatory and false allegations in the following LaMarco's filings are to be stricken from the record:

(i) LaMarco's Opposition for Summary Judgment (ECF No. 151 at 1-2, 7-8, 11-12);

(ii) LaMarco's Reply in Opposition to Plaintiff's Status Report (ECF No. 163 at 2-3); and

(iii) LaMarco's Reply to Plaintiff's Motion for Damages (ECF No. 169 at 3-4).

Dated: Central Islip, New York.
June 20, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge